IN THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

MICHELLE FELICIANO,

    Plaintiff,                                      CASE NO.:

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.
_____/

## STATEMENT OF CLAIM
## JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, comes MICHELLE FELICIANO, the Plaintiff herein, and hereby filed this Statement of Claim against PORTFOLIO RECOVERY ASSOCIATES, LLC, the Defendant herein, and hereby states as follows:

### PART I: INTRODUCTION

1. This is an action for damages which do not exceed $2,500.00 in any single count; it is brought by individual consumer for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and Florida Consumer Collection Practices Act, § 559.72, Fla. Stat. (2015) et seq. ("FCCPA").

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C., §1337; supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367; and Florida Statute § 48.193 and pursuant to 15 U.S.C. § 1692 et seq.

3. This action arises out of Defendant's violations of the FDCPA and FCCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this County because the acts and transactions occurred in Florida where the Plaintiff resides and Defendant transacts business here.

## PARTIES

5. Plaintiff is a natural person who resides in the State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and § 559.55(2), Fla. Stat. (2015).

6. Defendant, a collection agency, operates from an address of 120 Corporate Blvd., Norfolk, VA 23502. Defendant has a registered agent in the State of Florida designated to receive service of process named Corporation Service Company, whose address is 1201 Hays Street, Tallahassee, FL 32301, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and § 559.55(6), Fla. Stat. (2015). Defendant is also registered with the state of Florida as a "debt collector."

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA and FCCPA.

10. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendant is a corporation licensed to do business in the State of Florida as a registered debt collector.

12. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and § 559.55(1), Fla. Stat. (2015). Upon information and belief,

Defendant is attempting to collect on a consumer debt from Plaintiff, who used the credit at issue for personal purchases such as food, clothing, gasoline, travel, etc.

13. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

14. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

15. On or about November 21, 2016, Plaintiff's counsel filed a Notice of Appearance as attorney for Michelle Feliciano, along with an Answer and Affirmative Defenses to the Complaint in the case of Portfolio Recovery Associates, LLC v. Michelle Feliciano in Broward County, Case Number COSO-16-009615. A true copy of the Broward County Docket, Notice of Appearance, and Answer and Affirmative Defenses to the Complaint are attached hereto as Exhibit "A".

16. On or about November 21, 2016, Plaintiff's counsel notified Defendant in writing, via email, that he was Michelle Feliciano's attorney and requested that the pretrial conference in that case be waived.  Defendant responded to this email from Plaintiff's counsel and signed the Joint Stipulation.  A true copy of the Joint Stipulation is attached hereto as Exhibit "B".

17. On or about November 26, 2016, Defendant called Plaintiff's cell phone to request for payment of the alleged consumer debt for the case that was filed against her, Case Number COSO-16-009615. A true copy of Defendant's letter is attached hereto as Exhibit "C".

## COUNT I
## FAILURE TO CEASE COMMUNICATIONS
## IN VIOLATION OF 15 U.S.C. § 1692c(a)(2)

18.     Plaintiff incorporates Paragraphs 1 through 17.

19.     Pursuant to § 803 of the FDCPA, 15 USC § 1692a, "communication" is defined as the conveying of information regarding a debt directly or indirectly, and the definition of a "debt collector" includes anyone who regularly attempts to collect debts, directly or indirectly.

20.     On November 21, 2016, Plaintiff's counsel filed a Notice of Appearance as attorney for Michelle Feliciano and the Answer and Affirmative Defenses to the Complaint in the case of Portfolio Recovery Associates, LLC v. Michelle Feliciano in Broward County, Case Number COSO-16-009615 (see Exhibit "A").

21.     On or about November 21, 2016, Plaintiff's counsel notified Defendant in writing, via email, that he was Michelle Feliciano's attorney and requested that the pretrial conference in that case be waived.  Defendant responded to this email and signed the Joint Stipulation.  (See Exhibit "B").

22.     Defendant failed to cease communications to Plaintiff regarding the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2). On November 26, 2016, Defendant continued to attempt collection by calling Plaintiff's cell phone, despite Defendant having communicated with Plaintiff's counsel personally, and thus knowing that Plaintiff was represented by an attorney (see Exhibit "C").

23. Section 813 of the FDCPA, 15 USC § 1692k, provides for an award in the amount of the sum of actual damages, up to $1,000.00 for each violation of the Act, and costs together with a reasonable attorney's fee.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
### FAILURE TO CEASE COMMUNICATIONS IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT 559.72(18), Fla. Stat. (2015)

24. Plaintiff incorporates Paragraphs 1 through 17.

25. Pursuant to § 559.55(5), Fla. Stat. (2015) and § 559.55(6), Fla. Stat. (2015), "communication" is defined as the conveying of information regarding a debt directly or indirectly, and the definition of a "debt collector" includes anyone who regularly attempts to collect debts, directly or indirectly.

26. On November 21, 2016, Plaintiff's counsel filed a Notice of Appearance as attorney for Michelle Feliciano in the case of Portfolio Recovery Associates, LLC v. Michelle Feliciano in Broward County, Case Number COSO-16-009615 (see Exhibit "A").

27. On or about November 21, 2016, Plaintiff's counsel notified Defendant in writing, via email, that he was Michelle Feliciano's attorney and requested that the

pretrial conference in that case be waived.  Defendant responded to this email and signed the Joint Stipulation.  (See Exhibit "B").

28.     Defendant failed to cease communications to Plaintiff regarding the alleged debt in violation of the Florida Consumer Collection Practices Act, 559.72(18). On November 26, 2016, Defendant continued to attempt collection by calling Plaintiff's cell phone, despite Defendant having communicated with Plaintiff's counsel personally, and thus knowing that Plaintiff was represented by an attorney (see Exhibit "C").

29.     Due to the violations of Florida law by the Defendant as set forth above, the Plaintiff has been damaged and is entitled to an award of actual damages, statutory damages as well as reasonable attorney's fees and costs pursuant to § 559.77(2), Fla. Stat. (2015)., which provides for an award in the amount of the sum of actual damages, up to $1,000.00 for each violation of the Act, and costs together with a reasonable attorney's fee.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses, and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated:  November 29, 2016

_____
**Michael Tierney, P.A.**
Michael Tierney, Esquire
Florida Bar No.: 643475
918 Beard Avenue
Winter Park, Florida 32789-1806
Tel: (407) 740-0074
Attorney for Plaintiff