UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 0:17-cv-60209-DPG

MICHELLE FELICIANO.,

    Plaintiff,

vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO VOLUNTARY DISMISS COMPLAINT, PURSUANT TO F.R.C.P. 41(a)(2)**

    Plaintiff, MICHELLE FELICIANO (hereinafter "Plaintiff"), by and through her counsel, Michael Tierney, P.A., files this Motion to Voluntary Dismiss her Complaint, and states as follows:

    1.    Plaintiff sued Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and Florida Consumer Collection Practices Act, § 559.72, Fla. Stat. (2015) ("FCCPA"). In particular:

    (a)    Defendant violated 15 U.S.C. §1692c(a)(2) when continued to attempt collection by calling Plaintiff's cell phone, despite Defendant having communicated with Plaintiff's counsel personally, and thus knowing that Plaintiff was represented by an attorney;

    (b)    Defendant violated §559.72(18) by calling Plaintiff's cell phone, despite Defendant having communicated with Plaintiff's counsel personally, and thus knowing that Plaintiff was represented by an attorney;

2

2. Plaintiff prosecuted the 15 U.S.C. §1692c(a)(2) and §559.72(18) claims in good faith based on her personal knowledge of the call she received after Plaintiff told Defendant that Plaintiff was represented by an attorney.

3. While there is a reasonable legal argument that the call violated FDCPA & FCCPA when Defendant communicated with Plaintiff knowing that "the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address", given the fact that district courts have been divided on this question, the potential recovery, and the difficulty of winning at trial even if successful at defeating summary judgment, Plaintiff decided not to pursue these claims.

4. Therefore, on 05/23/2017, Plaintiff offered to dismiss the case with each side to bear its own costs. Defendant counsel's office, did not agree to stipulate dismissal with each side to bear their own costs.

5. Fed. R. Civ. P. 41(a)(2) grants federal courts the discretion to grant allow a Plaintiff to voluntarily dismiss his case. See Fed. R. Civ. P. 41(a)(2). Accordingly, "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Robles v. Atlantic Sounding Co., Inc., 77 F3ed. Appx. 274, 275 (5th Circ. 2003)

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order voluntarily dismissing this case, each side to bear its own costs.

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been forwarded by e-mail designation through the electronic filing portal to Robert E. Sickles (rsickles@broadandcassel.com) & to John P. Gaset (jgaset@broadandcassel.com) on this 26th day of May, 2017.

_____
**MICHAEL TIERNEY, P.A.**
Michael Tierney, Esquire
Florida Bar No. 643475
918 Beard Avenue
Winter Park, Florida 32789
Tel: (407) 740-0074
Attorney for Plaintiff